## No. 1277.

### JAMES A. KINDER VS. DAVID H. LYONS, SHERIFF, ET AL.

1. Under the amendment of Article 81 of the Constitution of 1879, this Court has appellate jurisdiction of suits involving rights to homesteads, irrespective of the value of the property alleged to be exempt.

2. Homestead provisions of the Constitution of 1879 avail only those who register claims therefor, antecedent to contracting debts sought to be enforced against it.

3. A judgment liquidates, but does not create a debt. It recognizes existing, but confers no new or additional rights.

4. Property exempted from seizure and sale, under the provisions of the homestead law of 1865, is predial and not urban.

5. Laws conferring homestead rights must be strictly construed.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Read*, J.

*Geo. H. Wells & Son* for Plaintiff and Appellee.

*G. A. Fournet* for Defendant and Appellant.

---

### ON MOTION TO DISMISS APPEAL.

The opinion of the Court was delivered by

WATKINS, J. Plaintiff requests us to dismiss this appeal on the ground that the amount in controversy is below the lower limit of the jurisdiction of this Court.

Plaintiff's petition discloses his action to be one restraining the sheriff and seizing creditors from selling certain property he claims to have registered and set apart as a homestead and which he avers to be exempt from seizure, under the provisions of the act of the legislature of 1865 and Articles 219 and 220 of the Constitution of 1879 and Act 114 of 1880. He alleges that said property is worth $1,800, and that the illegal seizure thereof has caused him damage to the extent of $200 attorney's fees and $350 general damages, the whole exceeding $2,000 in amount.

The trial was by jury, and there was a general verdict in favor of the plaintiff, without damages, and the defendants, Marx & Kempner, plaintiffs in execution, appealed.

It is not "the *amount* in dispute," but the *matter* in dispute, in such case, that gives this Court appellate jurisdiction. Under the amendment of Article 81 of Constitution of 1879, this Court has appellate jurisdiction of "suits involving the rights to homesteads." Act No. 125 of 1882.

In a recent case this Court said of this amendment: "It is over *such* cases of homesteads alone, as are mentioned in the present Constitution, that this Court has *exclusive* jurisdiction. 37 Ann. 109, State ex rel. Davidson vs. Judge.

The motion is refused.

### ON THE MERITS.
#### I.

The following is a statement of this case:

The plaintiff alleges in substance that he is the owner of a house and lot in the town of Lake Charles, occupied by himself and family; that he is the head of a family dependent upon him for support; that he has set apart and registered this house and lot as a homestead; that this property is exempt from seizure and sale under the law of 1865, Articles 219 and 220 of the Constitution of 1879, and Act No. 114 of 1880; that he registered his homestead June 15, 1882; and that the judgment under which the seizure was made was rendered after the registry and setting apart of said property as a homestead.

The defendants' answer, coupled with an exception of no cause of action, is an express denial that plaintiff is entitled to the homestead exemption, in bar of defendant's claim; they aver that the debts, for which the judgments sought to be executed were obtained, were contracted previous to the adoption of the Constitution of 1879; that no rights of homestead or exemptions from seizure and sale, as against

said debts, were vested in plaintiff by virtue of Articles 219 and 220 of the Constitution of 1879, or Act 114 of 1880; that the property seized is urban property and cannot be claimed as a homestead exemption under the Act of 1865; and that the plaintiff has no *right of action* either under the laws of 1865, the Constitution of 1879, or Act 114 of 1880, because the registry of his pretended homestead could impair no previously acquired rights of the defendant's seizing creditors to have said property seized and sold to satisfy just and legitimate debts previously contracted.

In the succession of Furniss, 34 Ann. 1013, this Court held: "Under the homestead provisions of the Constitution of 1879, the exemptions therein provided only take effect from the date of registry, as provided by law, and are *inoperative against debts contracted prior to* such registry."

Parties invoking the protection of the homestead laws, which are in *derogation of common rights and must be strictly construed*, are required to prove that they come within *both their spirit and letter.* Galligan vs. Payne, 34 Ann. 1057, and authorities therein cited; 37 Ann. 263.

In Thomas vs. Guilbeau, 35 Ann. 927, this Court held: "Claims of homestead exemptions affecting *debts* and contracts which existed *previous* to the adoption of the Constitution of 1879, must be controlled by the legislation in force at the time the *contract* was entered into." 34 Ann. 331, Poole vs. Cook; 32 Ann. 980, Gilmer vs. O'Neal.

In the case quoted from, the Court say: "The debt which they seek to enforce was *not created* by the judgment of October, 1880, which conferred no new right, but merely recognized rights and obligations which were created by the Act * * of June 26, 1877. Hence, the contract from which plaintiff's obligation springs was made and entered into in 1877, and all homestead rights affecting the same must be governed by the laws then in force." Page 929.

Plaintiff's declaration of his homestead exemption of property involved in this controversy was filed for record, and recorded on the 15th of June, 1882.

The petition in the suit of Marx & Kempner vs. James A. Kinder, No. 598, recites that it was brought upon defendant's promissory note for $247 50, bearing date October 17, 1877, and payable on the 1st of January, 1878, with interest from date, and the note is annexed; though judgment was not signed until June 19, 1882.

The suit No. 599 was brought upon the joint note of Sam. Kinder and J. A. Kinder, for $411 51, bearing date September 10, 1877, and

falling due on the 10th of January, 1878, and judgment was signed on the 18th of June 1882.

The facts of this case are quite similar to those presented in the case of Thomas vs. Guilbeau, and the same ruling is applicable.

II.

It has been frequently decided by our predecessors that the property exempted from seizure and sale under section 1691 of the Revised Statutes of 1870, which embodies the provisions of the homestead law of 1865, is predial and not urban. 25 Ann. 219; Crilly vs. Sheriff; 26 Ann. 645, Hargrove vs. Flournoy; 28 Ann. 575, Roberts vs. Gordy.

Our conclusion is that plaintiff's homestead, asserted under both the Act of 1865 and the Constitution of 1879, can be sustained under neither.

It is therefore ordered, adjudged and decreed that the verdict of the jury and the judgment of the district court appealed from be avoided, annulled and reversed; and, proceeding to render such judgment as should have been pronounced, it is ordered, adjudged and decreed that the demands of the plaintiff be rejected, and that he be taxed with the costs of both courts, and that the seizing creditors, Marx & Kempner, be permitted to proceed with the seizure and sale of the property, sale of which was enjoined, and according to law.